UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JEREMY W. KELLY,<br><br>    Plaintiff,<br><br>    v.<br><br>TYSON MEXICAN ORIGINAL CORP., et al.,<br><br>    Defendants. | CAUSE NO. 1:20-CV-160-WCL-SLC |

OPINION AND ORDER

Presently before the court is a complaint filed by Jeremy W. Kelly, who was incarcerated when he filed this action but has since been released from custody. (*See* ECF 1, 3.) Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii), the court must screen the complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Here, Kelly sues Tyson Mexican Original Corporation and Tyson Foods Corporate (collectively "Tyson"), which he identifies as an Indiana corporation. The complaint is difficult to parse, but it can be discerned that Kelly previously worked for Tyson. He claims that in October 2019, an incident occurred at work wherein he was accused of committing a safety violation. He was told to write out a statement of what he saw, which he did not want to do because other workers were involved. He was suspended for three days. During his suspension, he was accused of having stolen a

tool from Tyson. He claims that this was a misunderstanding, and that he later received a formal apology over the tool incident. He left the job when he was arrested on criminal charges in January 2020. He sues Tyson, claiming that these events caused him anxiety, stress, and fear.

Upon review, there is no discernible federal claim contained in the complaint. Kelly cannot sue a private company for constitutional violations under 42 U.S.C. § 1983.[1] *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). He references the Federal Tort Claims Act, but that statute provides a remedy for torts committed by federal governmental actors. *See* 28 U.S.C. § 1346. There is also no basis to suggest that diversity jurisdiction exists, as Kelly states in the complaint that Tyson is an Indiana corporation and he is a citizen of Indiana. *See* 28 U.S.C. § 1332(a)(1). Although Title VII of the Civil Rights Act of 1964 governs private employment relationships, there is nothing in the complaint from which it might be plausibly inferred that Kelly was discriminated against on some protected ground. *See* 42 U.S.C. §§ 2000e–2(a). In short, his allegations do not state a viable federal claim. Whether he may have some remedy available in state court is a matter this court does not reach.

In the interest of justice, the court will allow Kelly to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible claim for relief

---

[1] Although private companies may be sued under section 1983 when they are performing a state function, *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816 (7th Cir. 2009), there is nothing in the complaint from which it can be plausibly inferred that this exception applies here.

in federal court. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the Court:

(1) GRANTS the plaintiff until **July 31, 2020**, to file an amended complaint if he so wishes; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2), because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on July 1, 2020.

s/William C. Lee  
JUDGE WILLIAM C. LEE  
UNITED STATES DISTRICT COURT